# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Perry Heaton,

        Plaintiff,

v.

YRC, Inc.,

        Defendant.

Civ. No. 09-2807 (RHK/JJK)
**MEMORANDUM OPINION AND ORDER**

Perry Heaton, pro se, Apple Valley, Minnesota, for Plaintiff.

Gregory A. Bromen, Halleland Lewis Nilan & Johnson, PA, Minneapolis, Minnesota, for Defendant.

## INTRODUCTION

Plaintiff Perry Heaton, appearing pro se, alleges that Defendant YRC, Inc. ("YRC") has wrongfully honored a "Notice of Levy on Wages, Salary, and Other Income" (hereinafter referred to as the "Notice of Levy"), which requires YRC to pay over a portion of Heaton's weekly wages to the United States Treasury. Asserting statutory immunity, YRC now moves to dismiss. For the reasons set forth below, the Court will grant the Motion.[1]

---

[1] In response to the present Motion, Heaton submitted a "Notice of Reply." This matter was then heard before the undersigned on December 16, 2009, at which there was no appearance by or on behalf of Plaintiff.

## BACKGROUND

In June 2007, YRC received a Notice of Levy issued by the Internal Revenue Service ("IRS"). (Compl. ¶ 1.) According to the Notice of Levy, Heaton, an employee of YRC, owed $127,425.09 in unpaid taxes. (Id. ¶ 2; Mem. in Supp. Ex. A.)[2] YRC has complied with the Notice of Levy, paying over a portion of Heaton's wages to the United States Treasury on a weekly basis. (Compl. ¶¶ 1, 3.)

Heaton asserts that YRC's compliance with the Notice of Levy is wrongful because YRC is paying his federal taxes without consent or court order. (Id. ¶ 3.) Heaton further asserts that YRC's compliance with the Notice of Levy is wrongful because such notice is not a procedurally sufficient method of enforcing a levy. (Id. ¶¶ 4-6.)

## STANDARD OF DECISION

The recent Supreme Court case of Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937 (2009), sets forth the standard to be applied when evaluating a motion to dismiss under Rule 12(b)(6). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation marks and citation omitted). "A claim has facial

---

[2] On a motion to dismiss, "[t]he court may consider, in addition to the pleadings, materials embraced by the pleadings." In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002) (internal quotation marks and citation omitted). While not attached to the Complaint, the Notice of Levy is necessarily embraced by the factual assertions contained therein. Accordingly, it will be considered for purposes of the present Motion.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore, must be dismissed. Id. (quoting Twombly, 550 U.S. at 557) (internal quotation marks omitted).

## ANALYSIS

YRC asserts that this action must be dismissed because, in complying with the Notice of Levy, it is afforded statutory immunity. The Court agrees.

When a taxpayer is delinquent in paying taxes, the IRS may impose a lien upon "all property and rights to property" belonging to the taxpayer. 26 U.S.C. § 6321. In addition, the IRS may also impose a levy. 26 U.S.C. § 6331(a). Such a levy "gives the government temporary custody of the [taxpayer's] property to protect against diversion or loss until claims against the property are resolved." Allstate Fin. Corp. v. United States, 860 F. Supp. 653, 655 (D. Minn. 1994) (Doty, J.). "[S]ervice of the notice of levy reduces the property or property right . . . to the constructive possession of the United States." United States v. Weintraub, 613 F.2d 612, 621 (6th Cir. 1979).

"A third party in possession of property upon which a levy has been issued must surrender the property or rights to property subject to levy." Allstate, 860 F. Supp. at 655 (citing 26 U.S.C. § 6332(a)) (emphasis added). The failure to comply with a levy will result in the third party's personal liability "in a sum equal to the value of the property or rights not so surrendered." 26 U.S.C. § 6332(d)(1). However, when a third party does honor a levy, it is provided statutory immunity. Specifically, such a party is "discharged

3

from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." 26 U.S.C. § 6332(e).

Here, Heaton's claims against YRC, all arising from its compliance with the Notice of Levy, are unquestionably barred by § 6332(e). The Complaint acknowledges that YRC received and honored a Notice of Levy. "[F]ederal law does not require a third party . . . to refuse to honor a levy even if it may have a valid defense to compliance." Allstate, 860 F. Supp. at 656. Even if property is "erroneously or mistakenly surrendered . . . section 6332(e) protects [third parties] from any liability arising from the surrender of the property." Id. at 657. Accordingly, the immunity provided by § 6332(e) provides YRC with a complete defense to Heaton's claims.

Heaton's assertion that the Notice of Levy is a procedurally insufficient method of enforcing a levy is baseless. The Second Circuit, addressing this very issue, has held that "[i]t is well established that a levy on property in the hands of the third party is made by serving a notice of levy on the third party." Schiff v. Simon & Schuster, Inc., 780 F.2d 210, 212 (2d Cir. 1985). In fact, the Treasury Regulations specifically provide that a "[l]evy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights of property subject to levy." 26 C.F.R. § 301.6331-1(a)(1) (emphasis added).[3] "Without exception the case law supports the use

---

[3] Heaton asserts that Treasury Regulations are "not the law." (Reply Mem. at 1.) This is certainly true, as such regulations "are simply the interpretation of statutes previously enacted." Caterpillar Tractor Co. v. United States, 589 F.2d 1040, 1043 (Cl. Ct. 1978). However, Treasury Regulations, "if reasonable, [are] accepted or deferred to by the courts because [they are] made

of a notice of levy," Schiff, 780 F.2d at 212 (listing cases), including the Eighth Circuit, which has held that a notice of levy is the "usual and recognized method of distraint and seizure of property," St. Louis Union Trust Co. v. United States, 617 F.2d 1293, 1302 (8th Cir. 1980). Nothing more is required.[4]

Heaton relies upon United States v. O'Dell, 160 F.2d 304 (6th Cir. 1947), to support his claim. (Reply Mem. at 2.)[5] In O'Dell, a notice of levy was held to be insufficient to enforce a levy when not accompanied by a "warrant of distraint." Id. at 307. However, O'Dell was decided under the Internal Revenue Code of 1939. Rosenblum v. United States, 300 F.2d 843, 845 (1st Cir. 1962). The Internal Revenue Code in its current iteration no longer makes reference to a "warrant" to enforce a levy. 26 U.S.C. § 6331; see also Rosenblum, 300 F.2d at 845. Indeed, the Sixth Circuit now recognizes that when a third party receives a notice of levy, it must "immediately surrender the property to the IRS." Weintraub, 613 F.2d at 621. Accordingly, "there is

---

by the agency Congress has entrusted with carrying out its purpose." Id. In this case, the Treasury Regulation cited above, allowing a levy to be enforced through the service of a notice of levy, is a reasonable interpretation of 26 U.S.C. § 6331, which does not provide a procedure for enforcing a levy, but provides that a "levy" is "the power of distraint and seizure by any means." 26 U.S.C. § 6331(b) (emphasis added); accord In re Chicagoland Ideel Cleaners, Inc. v. Phelps, 495 F.2d 1283, 1285 (7th Cir. 1974).

[4] A court order is not required for a third party to comply with a notice of levy, as Heaton contends. "Administrative levy, unlike an ordinary lawsuit, . . . does not require any judicial intervention." United States v. Rodgers, 461 U.S. 677, 682 (1983).

[5] Heaton also relies upon Henderson v. IRS, No IP 93-1699-C, 1994 WL 692772 (S.D. Ind. May 31, 1994). However, Henderson supports the dismissal of Heaton's Complaint as it states that a "[l]evy may be made by serving a notice of levy." Id. at *3 (internal quotation marks and citation omitted).

nothing to call into question the validity of either the notice of levy or [YRC's] compliance with it." Schiff, 780 F.2d at 212.

"Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted). In this case, Heaton fails to allege any facts supporting a viable claim against YRC for its compliance with the Notice of Levy. Accordingly, this action will be dismissed.[6]

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that YRC's Motion to Dismiss (Doc. No. 3) is **GRANTED** and Heaton's Complaint (Attached as Ex. 1, Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: December 17, 2009

                                                  s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge

---

[6] Any claim that Plaintiff may have with regard to the underling legitimacy of the levy is "more appropriately brought in an action against the government." Bean v. Gen. Elec. Co., 593 F. Supp. 2d 306, 310 (D. Mass. 2009) (quoting Haggert v. Hamlin, No. 94-1027, 1994 WL 251067, at *3 (1st Cir. June 10, 1994)).